RECEIVED
SDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
7/16/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

JOSEPH ANTHONY DANIEL                    DOCKET NO. 14-CV-3532; SEC. P
A# 035-186-189

VERSUS                                   JUDGE DRELL

PERRY ZANIER, ET AL.                     MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Joseph Anthony Daniel, filed pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics.</u>[1] He is an immigration detainee in the custody of the Department of Homeland Security, presently detained at the LaSalle Detention Facility in Jena, Louisiana. He seeks monetary damages for his detention.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Statement of the Case*

Plaintiff names as defendants "Perry Zanier" and "Craig Feliccia," deportation officers at Etowah County Detention Center, Deportation Officer Perkins, an employee at an Oakdale facility, U.S. Attorney General Eric Holder, Homeland Security Secretary

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

Johnson, and ICE director John T. Morton. Plaintiff complains that he is not receiving timely custody reviews; that he has wrongfully been detained in violation of Zadvydas; that the defendants have been deliberately indifferent to his chronic psoriasis and stress; and, that he has been maliciously prosecuted.

### Law and Analysis

First, Plaintiff names as defendants Eric Holder, Homeland Security Secretary Johnson, and ICE director John T. Morton. Liability under Section 1983 and Bivens cannot be established solely on a theory of *respondeat superior*. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978). Because vicarious liability is inapplicable to Bivens suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Thus, supervisors may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in the plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). Plaintiff has not presented such allegations against Holder, Johnson, or Morton, and his claims against them should be dismissed.

Next, to the extent that Plaintiff complains of actions by Zanier in 2012 and February 2013, his claims are prescribed. There

is no federal statute of limitations. Accordingly, the limitations period for a claim brought under Bivens is determined by the general statute of limitations governing personal injuries in the forum state. See Price v. City of San Antonio, Texas, 431 F.3d 890, 892 (5th Cir. 2005). In Louisiana, that limitations period is one year. The instant complaint was filed more than one year after the alleged actions from 2012 and 2013.

Moreover, venue in a Bivens action seeking money damages from federal agents in their individual capacities is governed by §1391(b). Stafford v. Briggs, 444 U.S. 527, 544 (1980) (Section 1391(e) applies only to suits against government officials in their official capacities, venue of Bivens actions governed by §1391(b)); see also Kreines v. United States, 33 F.3d 1105 (9th Cir. 1994); Cameron v. Thornburgh, 983 F.2d 253 (D.C. Cir. 1993); Pollack v. Meese, 737 F.Supp. 663, 665 (D.D.C.1990). Title 28 U.S.C. §1391(b) permits venue only in the judicial district where all the defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred. Defendants Zanier and Feliccia are deportation officers at Etowah County Detention Center in Alabama. Although it is unclear where exactly in Alabama they reside, clearly neither reside in the Western District of Louisiana. Further, it would appear that the events giving rise to the claims against those defendants occurred in or near Etowah County, which is obviously not within the Western District of

Louisiana. Thus, those claims and defendants are subject to dismissal.

Plaintiff names Officer Perkins of the Oakdale facility in his challenge to the duration of his confinement under Zadvydas v. Davis, 533 U.S. 678 (2001). However, challenges to the duration of an immigration detainee's confinement are actionable under 28 U.S.C. §2241, not §1983 or Bivens. In Mirmehdi v. United States, 689 F.3d 975 (9th Cir. 2012), the Ninth Circuit held that aliens who complained of unlawful detention in their deportation proceedings were barred from asserting a Bivens claim. See id. at 981-82. The court there noted that Congress, through the INA, established a "substantial, comprehensive, and intricate remedial scheme in the context of immigration." Id. at 982. The Ninth Circuit opined also that the lack of a monetary remedy under the INA was not inadvertent, and concluded that instituting a monetary remedy for aliens under Bivens would be "plainly inconsistent with Congress' authority in the field." Id. at 982 (internal citations omitted). Other cases have also rejected a Bivens remedy in the immigration context. See, e.g., D'Alessandro v. Chertoff, 2011 WL 6148756, at *4 (W.D.N.Y. Dec.12, 2011) (rejecting Bivens remedy where legal permanent resident was able to challenge his unlawful immigration detention through a habeas proceeding). Likewise, the Fifth Circuit has held that Bivens actions are not available for claims that can be addressed in civil immigration removal

proceedings. See De La Paz v. Coy, 786 F.3d 367, 380 (5th Cir. 2015). See also, 8 U.S.C. §1252 (no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter).

Plaintiff briefly mentions that he should be released because he has psoriasis caused by stress. To the extent that he attempts to state a claim for deprivation of medical care, his claim fails. Plaintiff does not allege any dates on which he sought and was denied care by any of the defendants. Moreover, the Court notes that he previously filed a civil rights claim in the Northern District of Alabama complaining about the deprivation of medical care for his itching scalp. [4:13-cv-1266, N.D.Ala.] That complaint was denied and dismissed for Plaintiff's failure to state a claim.

To the extent that Plaintiff alleges malicious prosecution, his claim fails. The assertion of malicious prosecution does not present a constitutional claim. See Boyd v. Driver, 579 F.3d 513, 515 (5th Cir. 2009); Castellano v. Fragozo, 352 F.3d 939, 942 (5th Cir. 2003) (en banc), cert. denied, *367 543 U.S. 808 (2004).

Plaintiff has not presented a cognizable claim against any named defendants in this case. As such, he fails to state a claim for which relief can be granted.

5

*Conclusion*

Therefore, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under §1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___16th___ day of July, 2015.

_____
JAMES D. KIRK
**UNITED STATES MAGISTRATE JUDGE**